UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.B.J.C.,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

CASE NO. 2:26-cv-00185-JNW

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## 1.  INTRODUCTION

In November 2025, Immigration and Customs Enforcement (ICE) arrested and detained Petitioner A.B.J.C. without notice, without explanation, and without a hearing before a neutral decisionmaker. His petition for a writ of habeas corpus now comes before the Court. For the reasons below, the Court GRANTS the Petition.

## 2.  BACKGROUND

A.B.J.C. is a 23-year-old Mam man from Guatemala. Dkt. No. 2 ¶ 2. He first entered the United States in 2018 as a minor with his father. Dkt. No. 9 ¶ 4. After they failed to appear for a hearing, an immigration judge ordered them removed in absentia, and ICE removed them to Guatemala in October 2019. *Id*. ¶¶ 5–8.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Two months later, in December 2019, A.B.J.C. re-entered the United States alone at age 17, seeking asylum due to his treatment in Guatemala as an indigenous minority. Dkt. No. 2 ¶¶ 3, 4. He was apprehended by Border Patrol and, because he was an unaccompanied minor, held in custody for about two months before being released on an Order of Release on Recognizance ("OREC") to live with his cousin in Cottage Grove, Oregon, in February 2020. *Id*. ¶ 3; Dkt. No. 1 ¶ 3.; Dkt. No. 9 ¶ 11.

A.B.J.C. built a life in Oregon over the next six years. He filed an asylum application with United States Citizenship and Immigration Services ("USCIS") in 2022. Dkt. No. 1 ¶ 4. He then lawfully obtained a work permit, a social security card, and an Oregon driver's license. *Id*. Other than his ICE arrest, he has never been arrested, charged with, or convicted of any crime. *Id*. That same year, the Department of Homeland Security (DHS) exercised its prosecutorial discretion by moving to dismiss removal proceedings against A.B.J.C. without prejudice. Dkt. No. 10-10 at 2.  A.B.J.C. subsequently filed an asylum application with USCIS in April 2024, which remains pending. Dkt. No. 9 ¶ 15.

On November 19, 2025, ICE arrested A.B.J.C.—smashing his car window and dragging him onto the ground. He describes what happened:

> [M]y brother and I went to the forest management office to get a permit for harvesting mushrooms. When we left and got back on the main road, there was some law enforcement activity ahead. Several cars with flashing lights were on the side of the road. I slowed down so I could pass safely.
>
> But then another car passed me, got in the lane in front of me, and slowed down to a stop, forcing me to stop. Armed and masked men came out of that car and approached my car. I did not see any identification

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

on their clothing, but they identified themselves as ICE through the window.

I told them that I am legally in the country and that I have an asylum application and a work permit and a social security card. They did not care, they said they had to arrest me. I opened the window a little to pass my ID to them. They still did not care.

They said if I do not open the car door and come out, they would break the window and take me out. I said but I'm legal, and they smashed the window, reached in, opened the door, and dragged me and my brother out and to the ground.

They did not explain why they were doing that or what I had done wrong. At no point during the time they arrested me through when they left me at the Tacoma detention center did they explain to me why I was being arrested. They never showed me a warrant or any other documents.

Dkt. No. 2 ¶¶ 5–9.

A.B.J.C. attests that at no point during his arrest did ICE explain why he was being detained or show him a warrant. *Id.* The Government asserts that A.B.J.C. was "served a copy of his arrest warrant, Form I-200" during processing. Dkt. No. 9 ¶ 16. The Court need not resolve this dispute because even if the I-200 were served, an arrest warrant is not the pre-deprivation notice and hearing before a neutral decisionmaker that due process requires, as discussed below. The Court adopts A.B.J.C.'s account of the circumstances of his arrest, which the Government has not contested.

After ICE officers detained him at the Northwest ICE Processing Center in Tacoma, Washington, they "tried to get [A.B.J.C.] to sign a document saying that [he] would voluntarily return to Guatemala," which he refused. *Id.* ¶ 10. He has a pending asylum application and fears returning to Guatemala. *Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

### 3.  DISCUSSION

**3.1    Legal standard.**

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. §§ 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**3.2    A.B.J.C.'s detention violates due process.**

Before revoking supervised release and re-detaining a noncitizen, the Government must satisfy procedural due process. Under *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976), courts weigh three factors: (1) the private interest at stake,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

(2) the risk of erroneous deprivation through existing procedures, and (3) the Government's interest. The Court has applied that test and finds that due process requires pre-deprivation notice and a hearing before revoking a noncitizen's order of supervision and re-detaining them. *See Ledesma Gonzalez*, Case No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7 (W.D. Wash. Oct. 7, 2025).

Indeed, courts in this district and elsewhere have repeatedly found that the Government must provide due process to noncitizens before revoking supervised release and re-detaining them, and that due process requires adequate notice and a pre-deprivation hearing; this case presents nothing that would warrant a different result. *See, e.g.*, *Aslan v. Wamsley et al.*, Case No. 2:25-cv-02698-JNW, 2026 WL 238675, at *3 (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (applying *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976))); *Tessema v. Bondi,* No. C25-2330-JNW-MLP, 2025 WL 4033288, at *1 (W.D. Wash. Dec. 11, 2025), report and recommendation adopted, No. C25-2330-JNW-MLP, 2026 WL 84922 (W.D. Wash. Jan. 12, 2026); *Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Although Respondents allege in their opposition that Petitioner repeatedly violated the terms of her release [citation omitted], no neutral arbiter has determined whether those facts show that Petitioner is a flight risk or danger to the community."); *Tesara v. Wamsley*, Case No. C25-1723-KKE-TLF, 2025 WL 3288295, at *1, *6 (W.D. Wash. Nov. 25, 2025) (even when it alleges supervised release violations, the Government must provide notice and a pre-detention hearing to comply with due process). Additionally, the Court agrees that a "post-deprivation hearing[ ] cannot serve as an adequate

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

procedural safeguard because [it occurs] after the fact and [thus] cannot prevent an erroneous deprivation of liberty." *See Ledesma Gonzalez,* 2025 WL 2841574, at *8 (quoting *E.A. T.-B.*, 795 F. Supp. 3d at 1324). The Court finds no reason to distinguish this case from similar cases, in which ICE revoked orders of supervision without providing pre-deprivation notice or an opportunity to be heard.

Here, the Government does not assert that it revoked A.B.J.C.'s OREC, nor does it provide any evidence of revocation. *See* Dkt. No. 8 at 8. Instead, it argues that even if the OREC survived the 2022 dismissal of A.B.J.C's removal proceedings, "due process did not require a pre-detention hearing here." *Id*. The Court rejects that argument. Whether the OREC technically survived the 2022 dismissal, the Government released A.B.J.C. in 2020, affirmatively moved to dismiss his removal proceedings in 2022, and acquiesced in his continued liberty for six years. A.B.J.C.'s reliance on his freedom created a constitutionally protected liberty interest that cannot be extinguished without due process. *See G.S. v. Bostock,* No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274, at *6 (W.D. Wash. Oct. 8, 2025), report and recommendation adopted, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025).

The Government cites *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022), for the proposition that courts should not read additional procedural requirements into the Immigration and Nationality Act. Dkt. No. 8 at 5. But this argument misses the mark, as the Court's holding does not rest on any procedural requirement read into the INA or its implementing regulations. It rests on the Fifth

Amendment's independent guarantee that the Government may not deprive a person of liberty without due process of law.

On February 9, 2026, the Government filed a notice of supplemental authority, notifying the Court of *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), in which the Fifth Circuit held that ICE may arrest and detain noncitizens who have lawfully resided in the United States for decades under the mandatory detention statute, 8 U.S.C. § 1225(b)(2)(A). That decision, however, is not binding on this Court, and as the dissent acknowledges, "The overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position [on 8 U.S.C. § 1225(b)(2)(A)] is totally unsupported." 2026 WL 323330, at *10. More to the point, *Buenrostro-Mendez* did not address the revocation of ORECs and other release orders or the due process requirements that attach when the Government seeks to re-detain a noncitizen it previously released. Accordingly, the Court finds *Buenrostro-Mendez* unpersuasive.

Because the Court resolves this petition on procedural due process grounds, it does not reach Petitioner's additional arguments regarding the applicability of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), his membership in the *J.O.P.* settlement class, or the proper statutory authority for his detention under 8 U.S.C. § 1225(b) versus § 1226(a).

Ultimately, because A.B.J.C. received no notice and no opportunity to be heard before his OREC was revoked and he was re-detained, his detention violates due process. Thus, he has shown that his detention is unlawful, and that he is entitled to release.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

## 4.  CONCLUSION

Accordingly, the petition is GRANTED, Dkt. No. 1, and the Court ORDERS as follows:

1.  Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to the conditions of his prior OREC.

2.  Petitioner may not be re-detained unless (a) Respondents provide Petitioner with written notice of the basis for the proposed re-detention in advance; and (b) a hearing is held before the immigration court to determine whether re-detention is appropriate.

3.  Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a declaration confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 23rd day of February, 2026, at 2:26 p.m.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8